**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JESUS GARCIA HERNANDEZ, | |
| Petitioner, | Case No.: 2:26-cv-00355-RFB-NJK |
| v. | **ORDER GRANTING WRIT OF HABEAS CORPUS** |
| MICHAEL BERNACKE, *et al*., | |
| Respondents. | |

Before the Court is Petitioner Jesus Garcia-Hernandez's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 (ECF No. 1). Through it, Mr. Garcia-Hernandez challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center ("NSDC") in Pahrump, Nevada, at the hands of Federal Respondents on statutory and constitutional grounds.

The only authority Respondents provide for continuing to detain Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). The Court finds Petitioner is entitled to relief on the following bases: (1) in Petitioner's custody redetermination (bond) hearing, he was denied bond by the immigration judge ("IJ") based solely on the Board of Immigration Appeal's ("BIA") decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025) [hereinafter, "Hurtado"], which has since been vacated under the Administrative Procedure Act ("APA") in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026); (2) the Court *independently* finds Respondents' ongoing detention of Petitioner under

§ 1225(b)(2)(A) is unlawful under the Immigration and Nationality Act ("INA"); and (3) the Court finds that Respondents' continued detention of Petitioner—particularly after an IJ has found that Petitioner does not present a danger or flight risk—violates substantive and procedural due process under the U.S. Constitution. Accordingly, the Court grants the Petition and orders Respondents immediately release Petitioner from custody pursuant to the conditions set forth in the IJ's order.

The Court makes the following findings of fact based on the Petition and evidence supplied by the Parties. Petitioner is a 39-year-old Mexican citizen who has resided in the United States since he entered the country without inspection at an unknown place and time. See ECF No. 1-3. Petitioner has developed strong familial and economic ties in Las Vegas, Nevada, over at least eleven years of residency—*i.e.*, he has been employed by Edgewater Custom Pools and Landscaping, continuously filed annual income tax returns since 2014, and lives with his partner and five U.S. citizen children in the Las Vegas area. See ECF No. 1 at 4. One of his children suffers from partial physical paralysis that requires regular medical treatment, and they depend heavily on Petitioner for daily care, transportation, and appointment attendance. See id. at 5.

On January 16, 2026, Petitioner was arrested by ICE officers who were surveilling the address of another individual. See ECF No. 8-2. DHS then commenced removal proceedings against Petitioner, charging him as, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i). See ECF No. 8-3. Petitioner has been continuously detained by Respondents at NSDC ever since. See ECF No. 1 at 4. Petitioner sought a custody redetermination hearing (*i.e.*, bond hearing) pursuant to 8 C.F.R. § 1236. See ECF No. 1-3 (order of immigration judge). The IJ denied bond for lack of jurisdiction, finding that they were bound to follow the BIA's precedential decision in Hurtado, as the Maldonado Bautista Court had not vacated Hurtado under the APA. See id. But, on February 18, 2026, the Maldonado Bautista Court *did* vacate Hurtado under the APA, specifically 5 U.S.C. § 706(2)(A). See generally Maldonado Bautista, 2026 WL 468284. Consequently, the immigration court's legal basis for not providing Petitioner with the relief set forth in the alternative—"bond in the amount of $1,500 plus alternatives to detention at the discretion of the Department of Homeland Security"—at the hearing is now void, as established in Maldonado Bautista. Cf. ECF No. 1-3.

While this Court acknowledges that Hurtado's statutory interpretation of the INA has now been vacated under the APA, the Court independently rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who were arrested by ICE far from any border or port of entry after residing in this country for years. This Court has discussed Respondents' statutory at length in its previous decisions, and it adopts its prior reasoning by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F.Supp.3d ---, No. 2:25-cv-02136-RFB-MDC, 2025 WL 3270137, at *7–11 (D. Nev. Nov. 24, 2025). The Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding cases Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified by Judge Douglas in her dissent, see id. at *10–18 (Douglas, J., dissenting), and by other district courts across the country. See, e.g., Carbajal v. Wimmer, No. 2:26-cv-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-cv-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

In addition, the Court finds Respondents' continued detention of Petitioner violates his procedural and substantive due process rights. The procedural due process factors under Mathews v. Eldridge, 424 U.S. 319 (1976), weigh heavily in favor of Petitioner because: (1) the private interest affected is his fundamental liberty interest in being free from imprisonment; (2) the risk of erroneous deprivation is extraordinarily high where ICE and DHS agency officials have sole, unguided, and unreviewable discretion to detain Petitioner despite the immigration court's determination that his detention is not warranted; and (3) the government's interest in enforcing immigration law is served by an individualized determination by an immigration court, based on evidence presented by the government and the noncitizen, as to whether an individual is dangerous or a flight risk under existing, well-established procedures, *and* the government has no interest in the unjustified deprivation of a person's liberty. See id. at 334–35; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022) (collecting cases and applying the Mathews test to a constitutional challenge to detention under 8 U.S.C. § 1226(a). Finally,

because Respondents have asserted no individualized justification—let alone a special or compelling justification—to continue to deprive Petitioner of his physical liberty, this Court finds that Petitioner is currently detained in violation of his substantive due process rights. See Escobar Salgado, 2025 WL 3205356, at *25.

Consistent with its broad equitable authority to fashion a habeas remedy for unlawful detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty that Petitioner has suffered and continues to suffer due to Respondents' unlawful detention policies, after an IJ has already found Petitioner does not present a danger to the community or a flight risk, Respondents must immediately release Petitioner subject to the bond conditions originally imposed by the IJ in the alternative. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**.

Respondents are **ORDERED** to release Petitioner from custody by **4:00 p.m. on February 24, 2026**. Petitioner shall be subject to the bond, and other conditions, imposed by the IJ.

The Court has received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** Petitioner be afforded until **March 24, 2026**, to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F.Supp.3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless, and until, it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

- 4 -

**IT IS FURTHER ORDERED** that the Parties shall file a joint notice of compliance with this Order by **February 25, 2026.**

**IT IS FURTHER ORDERED** Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) is **DENIED** as moot.

**DATED:** February 23, 2026.

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**